UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

In re: LISAMARIE BOUDREAU,     *
                                       *
           Debtor.                *
*************************************
LISAMARIE BOUDREAU           *
                                       *
          Appellant,            *
          v.                                *     Civil Action No. 16-cv-10747-IT
                                       *
U.S. BANK TRUST, N.A., AS TRUSTEE    *
FOR LSF9 MASTER PARTICIPATION      *
TRUST,                               *
                                       *
          Appellee.             *

MEMORANDUM & ORDER

February 24, 2017

TALWANI, D.J.

I.     Introduction

LisaMarie Boudreau ("Appellant") appeals the United States Bankruptcy Court's March 31, 2016 Order ("Order Denying Reconsideration") regarding her Emergency Motion for Reconsideration ("Emergency Motion"). See Notice of Appeal [#1]. Although her Emergency Motion sought reconsideration of two prior orders, the Order Granting Relief from Stay ("Order Lifting Stay") and the Order Confirming Amended Chapter 13 Plan ("Order Confirming Plan"), the Order Denying Reconsideration only addressed the former and provided no disposition on the latter. As discussed below, the court finds the appeal moot as to the denial of reconsideration of the Order Lifting Stay. The court also finds that it lacks jurisdiction to consider Appellant's arguments regarding reconsideration of the Order Confirming Plan. Accordingly, the appeal is DISMISSED and the case is REMANDED for further proceedings consistent with this Memorandum and Order.

II.  Factual Background

On January 5, 2009, Appellant and her husband, Michael Boudreau ("Co-Debtor"), executed a mortgage (the "Boudreau Mortgage"), App'x Vol. I 97-105 [#22-1], which was assigned to CitiMortgage, Inc. ("Citi") on May 7, 2012, id. at 107-08, 110-13. Appellant and Co-Debtor filed for Chapter 7 bankruptcy protection on August 7, 2012, id. at 1-44, and on November 6, 2012, the Chapter 7 bankruptcy case was converted to one under Chapter 13, Suppl. App'x 29 [#27]. Appellant and Co-Debtor subsequently filed two iterations of their Chapter 13 plan, to which the Chapter 13 Trustee ("Trustee") raised multiple objections, id. at 21-28, including the objection that "[t]he Debtors propose to pay the mortgage arrears direct and not through the Plan." App'x Vol. I 87 (objecting to the plan filed on May 15, 2013).

On May 6, 2014, Citi filed its Motion for Relief from Stay, seeking to foreclose on the property subject to the Boudreau Mortgage (the "subject property"). Id. at 89-148. Citi asserted that Appellant and Co-Debtor were over $27,000 in arrears, had not paid their mortgage in approximately 10 months, and likely had no equity in the property. Id. at 89-92. After receiving no objections, the Bankruptcy Court issued the Order Lifting Stay on May 21, 2014. Id. at 149.

Appellant and Co-Debtor filed their penultimate amended Chapter 13 plan on July 7, 2014, id. at 150-57, to which the Trustee objected on the basis that the plan proposed to continue making mortgage payments to Citi, even though Citi had already been granted relief from the stay, id. at 158, 162. On August 14, 2014, in response to that objection, Appellant and Co-Debtor acknowledged that Citi had filed for and been granted relief from stay, and stated "Debtors are now exploring their options regarding foreclosure." Id. at 164, 168. That same day, Appellant and Co-Debtor's final amended plan (the "Amended Plan") was filed "to remove the secured claim of CitiMortgage," and thus bring any mortgage payments outside the Amended Plan. Id. at

2

168. The Bankruptcy Court received no objections to the Amended Plan. Suppl. App'x 16.

On September 19, 2014, Citi assigned the Boudreau Mortgage to the Secretary of Housing and Urban Development. App'x Vol. I 223-26.

On March 24, 2015, the Bankruptcy Court issued the Order Confirming Plan. Id. at 176-78. That order confirmed the Amended Plan for a term of 60 months beginning December 1, 2012, and required monthly payments of $262.00. Id. at 176. It also stated that "Citimortgage was granted relief from stay on May 22, 2014. The trustee shall not make any payments with respect to this claim."[1] Id. at 177.

Three months later, on June 30, 2015, the Boudreau Mortgage was assigned to U.S. Bank ("Appellee"). Id. at 227-30. Shortly thereafter, on or about September 18, 2015, Appellee began foreclosure proceedings, id. at 185, and on October 9, 2015, it scheduled a foreclosure of the subject property for December 4, 2015, Br. of Appellee U.S. Bank National Trust, N.A. as Trustee for LSF9 Master Participation Trust 9 [#26].

On December 1, 2015, approximately eighteen months after the Order Lifting Stay, and eight months after the Order Confirming Plan, Appellant (but not Co-Debtor) retained new counsel, id. at 179, and filed the Emergency Motion, id. at 183-209. Appellee opposed the Emergency Motion on December 2, 2015. Id. at 231-40. The Bankruptcy Court held multiple hearings on the Emergency Motion.[2] In the interim, Appellant and Co-Debtor continued to make payments under the Amended Plan, payments which under the terms of the plan did not include mortgage payments. App'x Vol. II 21, 32-33, 72-73.

---

[1] To the extent Appellant seeks reconsideration of the Order Confirming Plan on this basis, her appeal is moot for the reasons discussed below. See supra IV.A.

[2] Bankruptcy Court hearings were held on December 3, 2015, January 21, 2016, February 9, 2016, February 16, 2016, and March 31, 2016. See App'x Vol. II.

Meanwhile, Appellee postponed the foreclosure several times from December 4, 2015 to April 4, 2016, on the basis of one adequate protection payment Appellant made on December 3, 2015, and attempted to negotiate a loan modification with Appellant and Co-Debtor in lieu of foreclosure. Id. at 46-47, 55-56, 59, 71-72, 75, 80-81, 87 (agreeing at February 16, 2016 hearing to postpone foreclosure for approximately 45 days).

On March 31, 2016, the Bankruptcy Court issued its Order Denying Reconsideration, App'x Vol. I 269-70, which Appellant reads as a denial of the Emergency Motion in its entirety.[3] Appellee foreclosed on the subject property on April 4, 2016, Suppl. App'x at 79-82, and the record does not indicate that Appellant or Co-Debtor challenged that foreclosure in any other legal proceeding. Appellant filed this appeal on April 14, 2016. Notice of Appeal [#1].

III.    Jurisdiction

United States District Courts have jurisdiction over appeals of "final judgments, orders, and decrees" from the United States Bankruptcy Court pursuant to 28 U.S.C. § 158(a).

IV.    Discussion

   A. *Reconsideration of the Order Lifting Stay*

Appellee argues that this court lacks jurisdiction over the appeal insofar as it relates to the Order Lifting Stay, because the foreclosure and sale of the subject property renders the appeal moot. Where no live case or controversy exists, an "appeal usually is moot." Anderson v. Cryovac, Inc., 805 F.2d 1, 4 (1st Cir. 1986). To show that a live case or controversy exists, a "plaintiff[] must allege some threatened or actual injury . . . ." Linda R.S. v. Richard D., 410 U.S. 614, 617 (1973). An appellate court can dismiss a bankruptcy appeal "if the challenged bankruptcy court order has been implemented to the degree that meaningful appellate relief is no

---

[3] Appellee did not address the Order Confirming Plan in the Appellee's brief filed in this court.

4

longer practicable even though the appellant may have sought a stay with all due diligence." In re SW Boston Hotel Venture, LLC, 748 F.3d 393, 402 (1st Cir. 2014) (quoting Hicks, Muse & Co v. Brandt (In re Healthco Int'l, Inc.), 136 F.3d 45, 48 (1st Cir. 1998)). Although failure to obtain a stay pending appeal "is not sufficient ground for a finding of mootness," In re Pub. Serv. Co. of New Hampshire, 963 F.2d 469, 473 (1st Cir. 1992), if the failure to obtain a stay allows "a creditor to foreclose on the property, the subsequent foreclosure and sale of the property renders moot any appeal." Soares v. Brockton Credit Union, 1998 WL 1085827, at *1 (1st Cir. Oct. 22, 1998) (internal quotation marks omitted).

Appellant did not request a stay pending appeal, and her property has now been sold through foreclosure. Suppl. App'x at 79-82. She has provided no explanation to this court for her failure to obtain a stay, but represented to the Bankruptcy Court that because it denied the motion for reconsideration on Thursday, March 31, 2016, and the foreclosure was scheduled for Monday, April 4, 2016, at 10:00 AM, she did not have enough time "to make the decision to appeal and then request a hearing." Id. at 83-84. This argument is unavailing. Appellant knew at the March 31, 2016, hearing about the Monday, April 4, 2016, foreclosure, App'x Vol. I 87-88, and could have requested a brief stay while she decided whether to appeal. But Appellant sought no stay, and the property is now sold, rendering this appeal moot. See, e.g. Soares, 1998 WL 1085827 at *1; Greylock Glen Corp. v. Community Sav. Bank, 656 F.2d 1, 4-5 (1st Cir. 1981) (finding that even where bank was both seller and purchaser of property, bank's good faith purchase rendered moot any appeal of order lifting stay); In re Van Daam, 1992 WL 12014468, at *2 (D.R.I. Mar. 31, 1992) ("Since, the property has been sold at a foreclosure sale, Van Daam's appeal is now moot. To hold otherwise would deprive foreclosure sales of finality thereby creating uncertainty as to the status of the title to property acquired at such sales.").

Moreover, to the extent that Appellant argues that Appellee lacked standing to foreclose on the property, that issue is not properly before this court. Appellant had notice of the impending foreclosure for several months, App'x Vol. I 185, but did not try to stop the foreclosure based on Appellee's purported lack of standing, or seek to require Appellee to file its own Motion for Relief from the bankruptcy stay. Instead, Appellant filed her Emergency Motion asking the Bankruptcy Court to reconsider its Order Lifting Stay as to Citi, and the Order Denying Reconsideration is the only order before this court. As discussed above, that portion of the appeal is now moot.

B. *Reconsideration of Order Confirming Plan*

Appellant's Emergency Motion also sought reconsideration of the Order Confirming Plan. To the extent that underlying order directed the Trustee not to make any payments on the Boudreau Mortgage in light of the Order Lifting Stay and the Order Denying Reconsideration can be read as reaching this issue, the appeal is moot for the reasons set forth above.

To the extent that Appellant sought different or additional relief from the Bankruptcy Court in reconsidering the Order Confirming Plan, no appeal lies as the Bankruptcy Court has not yet ruled on that request. Despite listing the Order Confirming Plan as a subject of Appellant's Emergency Motion, the Bankruptcy Court's decision makes no explicit reference to the Order Confirming Plan. Nor can the Order Denying Reconsideration be fairly construed to address the request for reconsideration of the Order Confirming Plan *sub silentio*. The Order Confirming Plan had issued eight months earlier, App'x Vol. I 270, while the Order Denying Reconsideration focused on untimeliness under Rule 60(b) for motions filed more than one year earlier. The Order Denying Reconsideration also makes no mention of 11 U.S.C. § 1330, which requires a debtor to file a motion for revocation of the order confirming a plan within six months,

despite the court explicitly raising this deadline at the December 3, 2015 hearing. App'x Vol. II 41-50. Finally, the Order Denying Reconsideration does not address at all the evidence indicating serious concerns regarding the authenticity of the signatures on the Amended Plan.[4]

Because the Order Denying Reconsideration cannot be read as a final order as to the request for reconsideration of the Order Confirming Plan, this court is unable to exercise jurisdiction under 28 U.S.C. § 158 regarding an appeal of the purported denial of that request. See In re Rodriguez Camacho, 361 B.R. 294, 298-99 ("A decision is final if it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.") (internal quotation marks omitted); In re Bank of New England Corp., 218 B.R. 643, 647 (B.A.P. 1st Cir. 1998) ("a bankruptcy court order is not appealable unless it conclusively determines a discrete dispute within the larger case.") (internal quotation marks omitted). Accordingly, as there is no final order on the Emergency Motion as to the request for reconsideration of the Order Confirming Plan, the appeal as to this issue must be dismissed and the case remanded to the Bankruptcy Court for a determination of whether Appellant is entitled to reconsideration of the Order Confirming Plan.

V.  Conclusion

For the foregoing reasons, the appeal is DISMISSED for mootness and for lack of jurisdiction, and the case is REMANDED for a determination of whether Appellant is entitled to reconsideration of the Order Confirming Plan.

IT IS SO ORDERED.

Dated: February 24, 2017                              /s/ Indira Talwani
                                                     United States District Judge

---

[4] For example, the Bankruptcy Court asked Appellant, Co-Debtor, and Attorney Collins whether anyone could determine who had signed the Amended Plan, to no avail. App'x Vol. II 82-84.